UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**RODERICK MCKINNON**                                                         **PETITIONER**
**#03088-017**

V.                         No. 2:23-CV-00087-LPR-ERE

**JOHN P. YATES, Warden, FCI – Forrest City, Arkansas**[1]    **RESPONDENT**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**I.   Background**

On October 30, 2002, in the Northern District of Florida, Petitioner Roderick McKinnon pleaded guilty to conspiracy to possess with intent to distribute cocaine

---

[1] Because Mr. McKinnon is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "C. Garrett, Warden FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondent to "C. Garrett, Warden FCI – Forrest City, Arkansas."

and crack cocaine and possession with intent to distribute cocaine. *United States v. McKinnon*, No. 3:02-cr-00093-LC-3, *Doc. 51.* (N.D. Fla. Oct. 30, 2002). On January 28, 2003, he was sentenced to 240 months in prison, followed by ten years of supervised release. *Id. at Docs. 73-74.*

On April 4, 2023, Mr. McKinnon, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed the 28 U.S.C. § 2241 petition for a writ of habeas corpus now before the Court. *Doc. 1.* Mr. McKinnon alleges that the Bureau of Prisons ("BOP") is "using their own interpretation" of the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4), because "everyone is supposed to benefit, not just low [and] minimum recidivism inmates." *Doc. 1 at 7.* Because Mr. McKinnon is considered a medium recidivism risk, no time credits have been applied toward his time in pre-release custody or supervised release. *Doc. 2 at 5.*

Respondent asserts that Mr. McKinnon's claim is meritless because a medium recidivism risk makes him ineligible for the application of FSA credits. *Doc. 7 at 6.*

Mr. McKinnon's reply was due Tuesday, June 13, 2023. *Doc. 9.* To date, he has not filed a reply, and the time for doing so has passed.

For the reasons explained below, Mr. McKinnon's petition should be dismissed with prejudice.

## II.   Mr. McKinnon's Claim is Meritless

A federal prisoner's pre-release placement occurs at the latter stages of a sentence when he or she, if eligible, prepares for reintegration to society through custody in home confinement or a residential reentry center (also known as a community correctional facility). The FSA created an earned time credit program to assist prisoners in the reintegration process. Eligible prisoners can earn ten days of time credits for every thirty days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(ii).

Regarding the "[a]pplication of time credits toward prerelease custody or supervised release," the statute specifically sets out that the BOP "shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Section 3624(g) provides, among other things, that to be placed in pre-release custody or supervised release "the prisoner [must have] been determined under the System to be a *minimum or low risk* to recidivate pursuant to the last 2

reassessments of the prisoner" *or* get the warden's approval.[2] 18 U.S.C. § 3624(g)(1)(D)(i)(I)-(II), (ii) (emphasis added).

Mr. McKinnon asserts that inmates "who have a medium or high pattern score/assessment level are in fact eligible to earn . . . FTC credits." *Doc. 1 at 13*. It is true that he is entitled to *earn* credits. However, the FSA specifically provides that an inmate must be a minimum or low recidivism risk at the previous two assessments for the time credits to be *applied* to the inmate's sentence. See *Mills v. Starr*, No. 21-CV-1335 (SRN/DTS), 2023 WL 2645030, at *2 (D. Minn. Mar. 27, 2023) ("Among the incentives offered to prisoners to participate in BOP-approved programs are earned time credits that may be applied toward prerelease custody or supervised release, provided the prisoner meets additional eligibility requirements."); *Matthews v. Segal*, No. 23-CV-1030 (PAM/ECW), 2023 WL 3605481, at *1 (D. Minn. May 9, 2023)[3] ("The statute could not be clearer in this regard. Matthews is entitled to earn time credits (and has been earning time credits . . .) as she participates in programming, but she may not apply those time credits towards her release date until she reduces her recidivism score."); *Francis v. Warden of USP Lee*, No. 7:22CV00307, 2023 WL 3945511, at *2 (W.D. Va. June 12, 2023)

---

[2] The record does not reflect that Mr. McKinnon has made any effort to secure earlier placement in pre-release custody or supervised release through the statutory alternative of warden approval.

[3] Report and recommendation adopted sub nom. *Matthews v. Segal*, No. CV 23-1030 (PAM/ECW), 2023 WL 3604831 (D. Minn. May 23, 2023).

("Because of this PATTERN score, Francis is ineligible at this time to apply any FTCs he has earned.").

Mr. McKinnon does not deny that his current recidivism classification is medium. Thus, the BOP's refusal to apply the FTC credits Mr. McKinnon has earned toward his sentence is consistent with the FSA.

## III. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Roderick McKinnon's petition for writ of habeas corpus (*Doc. 1*) be dismissed, with prejudice.

Dated 21 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE